[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On May 28, 1998, the above-captioned matter proceeded to trial as an uncontested dissolution of marriage.
The plaintiff appeared with counsel and offered evidence and testimony. The defendant was not present and did not file an appearance pro se or by counsel.
Having heard the evidence and testimony and having considered the provisions of Sections 46b-81, 46b-82, 46b-84 and other relevant sections of the Connecticut General Statutes, the court made the following findings and orders.
The court found that the defendant had actual notice of the pending action and that he had made default of his appearance. It was also found that the defendant was not in the military service and that the court had the requisite jurisdiction to proceed to judgment.
The court found that the parties had been married at Meriden, Connecticut on December 23, 1994 and that they had resided in CT Page 13291 Connecticut for more than twelve months before the commencement of the action.
The court further found that the allegation that the marriage had broken known irretrievably had been proven and a judgment dissolving the marriage was entered. The court also found that the defendant was the father of the parties' minor son, Christopher Jalen Savage, born July 10, 1993.
The plaintiff offered evidence and testimony that the defendant, during the marriage, had an average net weekly income of $320.00 and that he was still employed by the same employer and was earning that much or more at the time of her testimony.
The court went on to enter the following orders. Custody of the minor child, Christopher, was awarded to the plaintiff with reasonable rights of visitation provided the visitation was deemed safe and appropriate by the plaintiff. The defendant was ordered to pay to the plaintiff periodic alimony in the amount of $50.00 per week. That order was to be without prejudice with the defendant having the right to modify such order if he believed it was inappropriate.
The court reserved decision on certain financial orders.
Having considered that evidence and testimony including the plaintiff's financial affidavit submitted after the date of the hearing, the court enters the following additional orders.
The obligation of the defendant to pay $50.00 per week to the plaintiff shall continue until the first of the following events:
(1) the death of either party;
(2) the remarriage of the plaintiff;
 (3) cohabitation by the plaintiff as that term is defined by statute;
(4) November 17, 2004.
The court further orders that the defendant pay to the plaintiff the sum of $72.00 per week as child support and orders that the defendant is to maintain medical insurance for the minor child as it is available to him through his employment. Any CT Page 13292 unreimbursed necessary medical or dental expenses incurred for the benefit of the minor child shall be shared equally by the parties.
The financial orders entered herein shall be secured by an immediate wage execution and they shall be effective upon notice to the non appearing defendant.
By the Court,
Joseph W. Doherty, Judge